UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| WHITNEY HANCOCK and<br>JAMIE WHITE, on behalf of themselves<br>and those similarly situated,<br><br>      Plaintiffs,<br><br>  v.<br><br>URBAN OUTFITTERS, INC., and<br>ANTHROPOLOGIE, INC.<br><br>      Defendants. | Case No. 14-7047<br>(1:13-cv-00939-BAH) |

**APPELLEES' OPPOSITION TO
MOTION TO CERTIFY QUESTIONS OF LAW TO
THE DISTRICT OF COLUMBIA COURT OF APPEALS**

Appellees Urban Outfitters, Inc. and Anthropologie, Inc. (collectively "Urban Outfitters") submit this memorandum in opposition to Appellants' Motion to Certify Questions of Law to the District of Columbia Court of Appeals ("Motion"). As demonstrated herein, Appellants Whitney Hancock and Jamie White (collectively "appellants") have failed to advance any appropriate reason for this matter to be sent to the District of Columbia Court of Appeals for its consideration, and therefore appellants' motion should be denied.

1

## **PRELIMINARY STATEMENT**

In the District Court, Urban Outfitters demonstrated that the allegations in appellants' complaint, assumed to be true for the purposes of Urban Outfitters's motion to dismiss, did not violate District of Columbia law in any way. As Judge Howell correctly concluded, requesting a customer's *ZIP code* is outside the plain and unambiguous scope of the D.C. Use of Consumer Identification Information Act ("CII Act"), D.C. Code §§ 47-3151, *et seq*. And, because it is not unlawful to request a ZIP code under the CII Act, doing so does not constitute "misleading" conduct under the D.C. Consumer Protection Procedures Act ("DCCPPA"), D.C. Code §§ 28-3901 *et seq*.

Appellants, unwilling to accept Judge Howell's clearly correct – and rather unremarkable – decision, now seek reconsideration by not one, but two additional courts (this Court and the District of Columbia Court of Appeals). To that end, appellants propose that the following questions be certified to the D.C. Court of Appeals:

1) Does the CII Act prohibit District of Columbia retailers from requesting customers' ZIP Codes when consumers choose to pay by credit card?

2) Even if the CII Act does not prohibit the requesting of ZIP Codes in conjunction with a credit-card transaction, can this practice violate the DCCPPA's prohibition on misrepresentation of material facts and/or failure to state material facts that have a tendency to mislead?

*See* Motion at 2.

However, because this action does *not* present any novel or unsettled legal issues, and is instead a rather simple case where the plain language of the statute unequivocally dictates the proper result – *dismissal* – there is no reason to certify this action to the District of Columbia Court of Appeals. In short, appellants' motion focuses more on what they believe the law *should be,* and not what it is, and such arguments are better suited for the legislature than the courts, federal *or* state. Accordingly, as more fully demonstrated below, appellants' motion should be denied.[1]

## **ARGUMENT**

### **I.　Judge Beryl A. Howell Issued a Well-Reasoned Opinion That Was Firmly Grounded in Well-Accepted Legal Principles, Thus Making Certification Unnecessary and Inappropriate**

As Judge Howell expressly noted in her opinion, "the facts in this matter are simple." *See* Memorandum Opinion, Civil Action No. 1:13-cv-00939-BAH, ECF No. 18 ("Opinion") at 1. Appellants' complaint alleged that each appellant had made a credit card purchase at an Urban Outfitters store, and that after the sales

---

[1] Moreover, given the nature of appellants' arguments, as now exposed in their motion to certify, Urban Outfitters respectfully suggests that not only should appellants' motion be denied, but this Court should consider entering a summary affirmance of Judge Howell's decision at this time. *See Sills v. Bureau of Prisoners,* 761 F.2d 792, 794 (D.C. Cir. 1985) (granting summary affirmance where further briefing on appellant's position would be pointless and a waste of judicial resources); *see also Rogala v. District of Columbia*, 161 F. 3d 44 (D.C. Cir. 1998) (granting summary affirmance where the merits of the parties' positions were so clear as to warrant summary action).

3

clerk "swiped" appellant's credit card through the credit card machine, the sales clerk inquired as to whether the appellant would provide her *ZIP code* to the clerk. *Id.*

As Judge Howell could also have noted, the application of these facts to the controlling law (the CII Act) is equally simple. As Judge Howell observed, the clear language of the CII Act restricts a retailer from requesting an *address* from a credit card customer, in some limited circumstances, and does not restrict requests for a ZIP code in any way. Accordingly, applying well-accepted principles of statutory construction, Judge Howell held that because a ZIP code is not an address, appellants' allegations did not state a claim under the CII Act. Opinion at 7 ("[A] ZIP code cannot be considered the 'address' of the 'cardholder' since ***a ZIP code, at best, merely indicates an area in which multiple addresses may be located***.") (emphasis added).

Notwithstanding the simplicity of this issue – whether a ZIP code is an address – this is the principal focus of appellants' current motion.[2] Judge Howell's CII Act ruling, however, was unquestionably correct, and reflects nothing

---

[2] As to the second question on which appellants seek certification, regarding the DCCPPA, Judge Howell correctly noted in her opinion that "[appellants] premise their DCCPPA claim in Count II on their CII Act claim in Count I" and that appellants "fail[ed] to allege the affirmative misrepresentation or omission of any material fact, since the request *for* a consumers' ZIP code ***is not impermissible*** under the CII Act." Opinion at 5, 11 (emphasis added). Accordingly, a determination that the CII Act issue provides no basis for certification should also dispose of the second issue raised by appellants.

more than the Court's unwillingness to accept appellants' apparent "Words mean what I choose them to mean . . . " approach to statutory construction.[3] Instead, Judge Howell relied upon longstanding, well-accepted rules of statutory interpretation in finding that appellants' claim was well outside the scope of the CII Act.

Closer examination of Judge Howell's decision demonstrates that she could not have been more methodical and traditional in her approach to this issue. First, Judge Howell noted that "[t]he word 'address' is not defined in the CII Act" and, for that reason, the word "must therefore be afforded its common meaning." *Id.* at 5; *see also Teles AG v. Kappos,* 846 F. Supp. 2d 102, 109 (D.D.C. 2012) ("[W]here a statute "speaks with clarity to an issue, judicial inquiry into the statute's meaning, in all but the most extraordinary circumstances, is finished." (citing *Metro. Stevedore Co. v. Rambo,* 515 U.S. 291, 295 (1995))). Then, noting that, in common parlance, a ZIP code is merely a *part of an address*, and an unnecessary component at that (Opinion at 6), Judge Howell held that collecting a ZIP code was

---

[3] *See* Lewis Carroll, *Through the Looking-Glass* ch. 6 at 106-09 (Schocken Books 1987). *See also Finnegan v. Matthews*, 641 F. 2d 1340, 1344 (9th Cir. 1981) (expressly rejecting a "words mean what I say they mean" approach to statutory construction, and instead holding that "[t]he best indicator of what statutory words mean is what they say."); *accord Connecticut Coastal Fishermen's Ass'n v. Remington Arms Co.*, 989 F. 2d 1305, 1308 (2d Cir. 1983); *Georgia-Pacific Corp. v. LOCAL 27*, 864 F. 2d 940, 945 (1st Cir. 1988).

5

not conduct prohibited by the CII Act.  An unremarkable conclusion, and one that is unquestionably correct.

Moreover, Judge Howell went further and explained that, even under appellants' proposed definition of "address" – "[t]he location at which a person or organization may be found or reached" – a ZIP code would *still* not be an address. *See* Opinion at 6.  To demonstrate the correctness of this view, the District Court offered the following simple, but effective, example: "One may locate the [District Court] if one knows its building number . . . street . . . and city . . . even if they have no knowledge of the [District Court's] ZIP code.  Yet, if one knew only the ZIP code – 20001 – one would be unable to pinpoint the [District Court's] location, since the ZIP code refers to an area of 2.184 square miles." *Id.*

The principles of statutory construction applied by Judge Howell are not unique; they are those that are applied by courts all across this country, federal and state, and by both this Court and the District of Columbia Court of Appeals. *Compare Cal. Indep. Sys. Operator Corp. v. FERC*, 372 F.3d 395, 400 (D.C. Cir. 2004) ("[W]e begin with a 'plain language' analysis of the statutory text.  That is, we assume 'that the legislative purpose is expressed by the ordinary meaning of the words used'") *with Stevens v. Arco Mgmt. of Wash. D.C., Inc.*, 751 A.2d 995, 998 (D.C. 2000) ("As a general rule, we look first to the plain language of a statute to determine its meaning."). Accordingly, the correctness of Judge Howell's decision

6

to dismiss appellants' complaint, *and its unremarkable nature,* is simply beyond any legitimate dispute.

## II. Because The Legal Principles on Which the Lower Court Decision is Based Are Neither Novel Nor Uncertain, Certification Is Unwarranted

As appellants note, this Court's leading cases on certification are *Tidler v. Eli Lilly & Co.,* 851 F.2d 418 (D.C. Cir. 1988) and *Dial A Car, Inc. v. Transp., Inc.,* 132 F.3d 743 (D.C. Cir. 1998). In *Dial A Car*, this Court made clear that certification is a disfavored process, and should only occur in the following circumstances:

> [Where] local law is "genuinely uncertain" with respect to a dispositive question and . . . the "case is one of extreme public importance[.]" ***If, however, there is a "discernible path for the court to follow," then we do not stop short of deciding the question***.

*Dial A Car*, 132 F.3d at 746 (citations omitted) (emphasis added); *see also United States v. Old Dominion Boat Club*, 630 F.3d 1039, 1047 (D.C. Cir. 2011).

Applying this standard, certification is unquestionably *not* warranted in this case. While the CII Act has not been interpreted by the District of Columbia Court of Appeals, this case is controlled by routine principles of statutory construction, not by the CII Act, and the statutory construction principles upon which Judge Howell based her decision are *in no way* "uncertain" under D.C. law. In addition, even *if* the first two elements of this Court's test were considered to be met (incorrectly, in Urban Outfitters's view), it is unquestionably the case that a

7

"discernible path" to the correct resolution of appellants' claim exists here (based upon principles of statutory construction); accordingly, as this Court has previously made clear, it should not "stop short of deciding the question," *Tidler*, 851 F.2d at 426; *Dial A Car*, at 746, and should instead deny certification.

### A.  D.C. Case Law is Not Genuinely Uncertain

Although appellants are correct that "prior to this case, no reported decision has interpreted the CII Act," (Motion at 7), this fact is of no consequence to appellants' request to certify, because Judge Howell's opinion is based upon well-settled principles of statutory interpretation, not the CII Act.  *See, e.g., Crawford v. District of Columbia*, 891 A.2d 216, 219 (D.C. 2006) ("When interpreting a statute, we first look to its plain language."); *Stevens v. Arco Mgmt. of Wash. D.C., Inc.*, 751 A.2d 995, 998 (D.C. 2000) ("As a general rule, we look first to the plain language of a statute to determine its meaning.").

As noted above, Judge Howell did nothing more (or less) than apply principles of statutory construction that are quite *certain* as a matter of D.C. law – the statute says "address" and not "ZIP code" – and thus Judge Howell's conclusion that appellants' claim falls outside the scope of the CII Act is neither remarkable nor novel in any sense.  And, as to appellants' second question, certification is not warranted not only because it is dependent on appellants' faulty ZIP code premise, but also because the District of Columbia has repeatedly

8

spoken, quite clearly, on the issue of what is required to plead a claim under the DCCPPA. *See, e.g. Floyd v. Bank of America Corp.*, 70 A.3d 246 (D.C. 2013). Nothing about this case provides either cause or justification for the D.C. Court of Appeals to revisit that issue.

### B.    *This Case is Not a Matter of Extreme Public Importance*

Turning to the second prong of this Court's certification test, appellants, seeking to elevate the significance of their claims, suggest that the District Court's ruling runs the risk of "exposing consumers to financial ruin." *See* Motion at 10. Appellants' characterization, however, is mistaken and misdirected. It is *not* a matter of extreme public importance for a district court to apply the maxims of statutory interpretation to the statutes of the jurisdiction in which it sits. In fact, this is a routine undertaking for any court. To the extent this matter presents an issue of any "public importance" whatsoever, it relates to appellants' dissatisfaction with the language of the CII Act *itself*, not with the District Court's *interpretation* of that language. However, appellants' gripes regarding the CII Act's scope are best suited for the legislature to address, not the courts, and that is where their arguments belong. *See, e.g. Community-Service Broadcasting of Mid-America, Inc. v. FCC*, 593 F.2d 1102, 1132-1133 (D.C. Cir. 1978) ("[I]*t is . . .* ***an invasion of the legislature's province to undertake to rewrite a law in accordance with one's view of a proper objective in the field***.") (emphasis added); *James*

9

*Parreco & Son v. District of Columbia Rental Housing Com.*, 567 A.2d 43, 44 (D.C. 1989) ("[The Court is not] authorized to read into an unambiguous statute language that is not there, or to rewrite legislation to make it more 'equitable' or 'fair;'" "[i]n the absence of ambiguity in the statute, ***correction of any problem that may be presented is the province of the legislature rather than of this court***.") *Id.* at 50 (emphasis added).[4]

### C.   A Discernible Path Exists for the D.C. Circuit to Follow

Even if this Court were to find any possible support for certification in the first two prongs of this Court's test, the final prong (which appellants conveniently neglected to acknowledge in their Motion), confirms that certification is *improper* in this case. In short, a "discernible path" clearly exists for this Court to resolve this case, and this is determinative of the issue.

This Court's decision in *Dial A Car* makes this result quite clear. There, this Court rejected an appellant's request for certification, notwithstanding silence in the D.C. Code on the issue on which appellant sought certification (whether the

---

[4] Appellants' reliance on decisions in California and Massachusetts to buttress its request for certification are equally ineffective. First, as Judge Howell noted, the statutes in those states are materially different than the D.C. statute, and contain ambiguity as to their scope not found in the D.C. Act. Moreover, appellants' contention that D.C. law should be changed to conform to the law in California and Massachusetts, without regard to the plain language of the CII Act, is again clearly an argument for the legislature, not this or any court. In *Tidler*, this Court further explained that consideration of how a state court from another jurisdiction might decide on an issue is "not the relevant consideration" in the certification analysis. 851 F.2d at 426.

D.C. legislature intended to create a private right of action for an alleged violation of D.C. Code § 40-179). 132 F.3d at 744. While acknowledging that the issue was one of "first impression," the Court held that certification was unnecessary and inappropriate because a discernible path to a decision was available by applying other well-established legal principles and precedents. *Id.*

Here, the same result is unquestionably required. Appellants would have this Court add language to the CII Act that is absent from its text (or permit appellants to seek such a result from the District of Columbia Court of Appeals). Yet, well-settled rules of statutory construction preclude such a result; instead, the correct result – *dismissal of the claim* – was readily ascertainable by Judge Howell, and should be to this Court as well. Certification cannot change that proper result.

Finally, certification is also unnecessary and improper here because, as Judge Howell recognized, appellants' contention that a ZIP code is an address was only one of *several* fatal flaws in appellants' complaint. Opinion at 10 ("Since the plaintiffs have failed adequately to plead four necessary elements of a violation of the CII Act, this cause of action is dismissed.").[5] Given this multitude of

---

[5] Among other deficiencies, the Court noted that "By pleading that ***[Urban Outfitters] used a system entirely separate from the credit card transaction machine to record the [appellants'] ZIP codes***, the [appellants] have utterly ***failed to plead that [Urban Outfitters] recorded anything 'on the credit card transaction form;'*** and that "[Appellants] ***do not even hint that they were not allowed to use their credit cards unless they provided their ZIP codes to [Urban Outfitters'] cashiers*** . . . [and] have failed to indicate how temporal proximity equates with an

11

deficiencies, it is highly unlikely that the certified questions, even if resolved in appellants' favor, would be *dispositive* of the matter.  *See Tidler,* 851 F.2d at 426 (for certification to be appropriate, the issue to be certified must be "vital to a correct disposition of the case.")  Consequently, no need, or reason, exists whatsoever to send this case to the District of Columbia Court of Appeals.

---

affirmative requirement [or condition] that [appellants] provide their ZIP codes in order to complete the transaction." Opinion at 8-9 (emphasis added.)  In fact, Judge Howell even observed that "[Urban Outfitters] took steps specifically designed to adhere to the law by affirmatively separating the ZIP code information from the credit card information." Opinion at 9.

12

## **CONCLUSION**

For the foregoing reasons, this Court should deny appellants' Motion and award Urban Outfitters any further relief it deems appropriate and just.

                      Respectfully submitted,

                      DICKINSON WRIGHT PLLC

                      /s/ James M. Burns
                      James M. Burns (Bar No. 412319)
                      *Counsel of Record*
                      1875 Eye St. N.W. – Suite 1200
                      Washington, D.C. 20006
                      202-457-0160
                      JMBurns@dickinson-wright.com

Of Counsel
Joseph A. Fink
Jerome Crawford
Dickinson Wright PLLC
215 S. Washington Square, Suite 200
Lansing, MI 48933

                      *Attorneys for Appellees*
                      **Urban Outfitters Inc.**
                      **and Anthropologie Inc.**

Dated:  June 2, 2014

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing, along with the Proposed Order, were served upon counsel of record via CM/ECF on June 2, 2014.

/s/ James M. Burns
James M. Burns (Bar No. 412319)
DICKINSON WRIGHT, PLLC
1875 Eye St. N.W. – Suite 1200
Washington, D.C. 20006